**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                 Case No.: 8:13-cr-350-T-33EAJ

KAELA ALEXANDRA SPENCE

_____

**Order Regarding Prison-Term Reduction Under 18 U.S.C. § 3582(c)(2) Based on USSG Amend. 782**

This matter comes before the Court sua sponte in an effort to provide clarity in the record. On July 27, 2015, the United States Probation Office filed an Amendment 782 Memorandum indicating that the Defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on USSG Amend. 782, a retroactive guideline amendment, see USSG § 1B1.10(d) (2014). (Doc. # 112). Specifically, the Amendment 782 Memorandum indicates the Defendant is not eligible because the "Court previously granted [a] 2 level downward variance regarding [the] drug retroactivity amendment." (Id.).

The Court further notes the Office of the Federal Defender filed a notice on February 3, 2016, indicating that it "cannot argue in good faith that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines because the Court previously granted Defendant a two-level downward variance in anticipation of the retroactive drug amendment

1

going into effect." (Doc. # 116 at ¶ 4). The Federal Defender has advised Defendant of its opinion and Defendant's right to proceed pro se. (Id. at ¶ 5).

Therefore, the Court does not grant a sentence reduction pursuant to Amendment 782. If circumstances warrant, the Court may revisit the matter.

Thus:

The Court does not grant a sentence reduction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of February, 2016.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE